# Fitler *against* Shotwell.

The recording Acts relate only to such instruments of writing as concern lands, tenements and hereditaments, and do not extend to a bill of sale or other writing respecting personal property.

Trespass for seizing and carrying away goods does not lie by the owner, who at the time has leased them to a tenant; case is the proper remedy.

ERROR to the District Court for the city and county of *Phi-ladelphia*.

Joseph L. Shotwell brought this action of trespass against Daniel Fitler, sheriff, and two others, for seizing and selling cer-tain household furniture belonging to him. The defendants justi-fied under an execution against Edmund Shotwell, in whose possession the goods were in 1839 when seized. The plaintiff gave in evidence, to prove his title,

1. A bill of sale of the goods from Edmund Shotwell to Joseph L. Shotwell on the 21st February 1833, acknowledged the same day before a justice of the peace, and recorded March 23, 1833.

2. Lease of the same on the 21st February 1833 from Joseph L. Shotwell to Edmund Shotwell for one year, at the rent of $80 per annum, acknowledged same day, and recorded March 23, 1833. The plaintiff proved payment of rent under this lease, the last payment being within a short time before the sale under the

[Fitler v. Shotwell.]

*fieri facias* in this case in 1839. There was, however, evidence given that some rent was due at the time of the sheriff's sale.

3. A purchase by him at a former sheriff's sale in 1835 of the same goods under an execution against Edmund Shotwell, after which they were left in his possession.

A bill of exception was sealed by the court to the admission in evidence of the book of the recorder of deeds, containing the above-mentioned bill of sale and lease, which was offered by the plaintiff and objected to by the defendants.

The Judge charged *inter alia*, that the case of a sheriff's sale was an exception to the general rule that possession must accompany a transfer of personal property. That if Joseph L. Shotwell bought the goods at the first sheriff's sale in 1835, he might loan or lease to Edmund Shotwell; and if, while they were so loaned or leased, they were levied on and sold by the defendants, the plaintiff was entitled to recover in this suit. In answer to the question of a juror whether, if the jury found that the goods when sold the second time were the property of Joseph L. Shotwell, they were not bound to reduce the plaintiff's claim by the amount of the rent which was paid out of the proceeds of that sale, the Judge said they were not so bound.

The defendants excepted to the charge.

Errors assigned:

1. The Judge erred in admitting in evidence the records of deeds of Edmund Shotwell to Joseph L. Shotwell, or of lease of Joseph L. Shotwell to Edmund Shotwell, both dated February 1, 1843, or of either of them.

2. In charging the jury that if Joseph L. Shotwell bought the goods at the first sheriff's sale in 1835, he might loan or lease them to Edmund Shotwell; and if while they were so loaned or leased they were afterwards levied on and sold by the defendants, the plaintiff is entitled to recover in this suit.

3. In charging the jury that they were not bound, in case they found the goods at the time of the second sheriff's sale belonged to Joseph L. Shotwell, to reduce his claim by the amount of the rent which was paid out of the proceeds of the sale.

4. That trespass was not the proper action for the plaintiff to bring, and the Judge erred in charging that the plaintiff could under any circumstances recover in this suit.

*C. Fallon*, for the plaintiff in error, on the 1st error cited *Hellman* v. *Hellman*, (4 *Rawle* 445); *Brotherton* v. *Livingston*, (3 *Watts & Serg.* 336); *Richardson* v. *Stewart*, (4 *Binn.* 202); on the 2d and 4th errors, 4 *T. R.* 489; 7 *Ib.* 9; 2 *Stark. Ev.* 805; 4 *W. C. C.* 387.

*H. M. Phillips*, contra.

[Fitler v. Shotwell.]

The opinion of the Court was delivered by

ROGERS, J. — The Act for the recording and acknowledging deeds relates to such instruments of writing as concern lands, tenements and hereditaments, and does not extend to a bill of sale, or other writing of personal property. The bill of sale, therefore, being put upon record without any authority whatever, the admission of the record of it, or of a certified copy, was erroneous. *Hellman* v. *Hellman*, (4 *Rawle* 444). The defendant had a right to insist on the proof of the instrument in the ordinary way, by the subscribing witnesses.

The court also erred in charging the jury that if Joseph L. Shotwell bought the goods at the first sheriff's sale in 1835, he might loan or lease them to Edmund Shotwell; and if while they were so loaned or leased, they were afterwards levied on and sold by the defendants, the plaintiff is entitled to recover. This, be it remembered, is an action of trespass; and nothing is better settled than that, to entitle a person to maintain that action, or the action of trover, he must have a right of property and a right of possession; and unless both these rights concur, the action will not lie. When, therefore, the property is under lease, the lessor has a reversionary interest; and not being in possession, or being entitled to the possession, trespass will not lie. *Ward* v. *Macauley*, (4 *T. R.* 489); *Gordon* v. *Harper*, (7 *T. R.* 11); 4 *Wash. C. C.* 387.

It is idle to assert that there was no evidence of a lease by Joseph L. Shotwell to Edmund Shotwell. There was evidence, of which the jury were the judges; and assuming that to be so, the court instructed the jury that the action might be maintained; and in this they were in error.

Judgment reversed, and a *venire de novo* awarded.