Wheeler, J.
The question is whether the alleged partiality of the juror entitled the defendant to a new trial. And it is very olear that it did not. The objection to the juror was known to the defendant before the trial; and it is well settled that when a party lias accepted a juror, knowing the objection, he cannot, after verdict, make that objection a ground for a new trial. The rule is the same both in criminal and civil cases. (7 Watts & Serg. 14., 415; 5 Binn. R., 340; 1 Pick. R., 38.) The law will not permit a party, by"thus holding his objection to the juror in reserve, to take two chances of obtaining a verdict in his favor. If the defendant supposed the juror partial, and indisposed to give him a fair trial, he should have made his objection known before accepting him as a juror. ISTot having dono so, he waived the objection.
But there probably was no just cause of objection to the juror, and it is evident that no injustice was done the defendant by the verdict. The evidence shows an aggravated assault committed by the defendant by throwing a brickbat with great violence, and upon an apparently slight provocation, at the head of the party assaulted, who was quietly seated within striking distance. The matter of surprise is, that the jury did not conceive it their duty to vindicate the authority of the violated law by imposing a more exemplary punishment. The defendant surely had no cause of complaint, and we are of opinion that the judgment be affirmed.
Judgment affirmed.