## HENCE MOORE V. THE STATE.

### No. 4199. Decided December 9, 1908.

**1.—Theft of Hog—Indictment—Words and Phrases.**

Where upon trial of theft of a hog the exception to the indictment was that it charged the theft of "on" hog, but the original indictment showed the same to be one hog, there was no error.

**2.—Same—Argument of Counsel.**

Where upon trial of theft of a hog the argument of counsel was based upon the evidence in the case, there was no error.

**3.—Same—Ownership.**

Where upon trial of theft of a hog there was no testimony which showed that the hog in question belonged to any one other than the party alleged as owner in the indictment, the court correctly refused to submit a requested charge that ownership had not been proved as alleged.

**4.—Same—Charge of Court—Voluntary Return.**

Where upon trial of theft of a hog the evidence showed that the owner of the hog ran upon defendant after the latter had killed the owner's hog, the court did not err in failing to charge on voluntary return of the property.

**5.—Same—Charge of Court—Imputing Crime to Another.**

Upon trial of theft of a hog where defendant swore that another assisted him in taking the alleged hog, there was no error in the court's failure to charge the jury that if this other party stole the hog, unless defendant assisted him, he would not be guilty.

**6.—Same—Charge of Court.**

Upon trial of theft of a hog where the owner found defendant in the act of stealing the hog, there was no error in refusing to submit a charge to find defendant not guilty.

**7.—Same—Charge of Court—Date of Offense.**

Where the indictment charged the fraudulent taking on December 13, 1907, and the court submitted a charge placing the date of the taking on or about the 13th day of December 1908, and the record showed that the indictment was found some time prior to the prosecution and there was no question as to the date of the commission of the theft, it was clear that the figure "8" as used in the year in the court's charge was a palpable inadvertence, and there was no error.

**8.—Jury and Jury Law—Challenge for Cause.**

Where upon trial of theft of a hog no objection was made at the time of going to trial as to drawing of the jury, an objection that the jury had been drawn prior to defendant's announcement of ready for trial, made for the first time in defendant's motion for new trial, could not be considered on appeal.

Appeal from the District Court of Angelina. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft of a hog and his punishment assessed at two years confinement in the penitentiary.

Bill of exceptions No. 1 complains that the court was in error in charging that a hog belonging to J. A. McAdams was taken, because the indictment is not one hog but "on hog." Attached to the bill of exceptions is the original indictment which shows that same charges appellant with stealing one hog, the property of J. A. McAdams. We accordingly hold that there is no error in the charge of the court.

Bill of exceptions No. 2 complains that the district attorney used the following language in his argument to the jury: "Gentlemen of the jury, if old man McAdams had not happened upon these negroes, George Matthews would never have smelled pork from that hog, but they would have divided it and had pork themselves." While it is true appellant testified that he had authority to hunt George Matthews' hogs, yet the circumstances very clearly show

that he did not know Matthews' hogs, and as State's counsel insists, the accidental approach of the prosecuting witness in this case alone saved his hog, and that appellant, instead of hunting hogs for Matthews, used Matthews' request as a basis upon which to steal hogs. The argument was legitimate.

Bill of exceptions No. 3 complains that the court erred in not charging that "it is incumbent upon the prosecution in this case to prove the ownership of said hog as alleged in the indictment, and having failed to prove such ownership as alleged, you will acquit the defendant." There is no error in refusing this charge, since there is no testimony in this record that shows the hog belonged to any one other than J. A. McAdams, the party alleged to be the owner of the hog.

Bill of exceptions No. 4 complains that the court failed to charge on voluntary return of the property. The evidence in this case does not suggest such a charge. There was no voluntary return but the owner of the hog ran upon appellant in the bottom after he, appellant, had killed the owner's hog.

Bill of exceptions No. 5 complains that the court erred in not charging the jury that if Seymour Castle took and stole the hog and defendant did no act or uttered no word in aid or encouragement of the said Seymour Castle, he would not be guilty. There is no evidence in the record suggesting such an issue. Appellant himself swears that Castle was merely assisting him; he so stated to the prosecuting witness at the time he was discovered with the hog, and swore it on the trial of this case.

Bill of exceptions No. 6 complains of the supposed defect in the indictment above discussed.

Bill of exceptions No. 7 complains the court erred in not charging the jury to find the defendant not guilty. This position is not correct and the court did not err in refusing same.

Bills of exception Nos. 8, 9, 10 and 11 also complain of the same defect in the indictment. The indictment, as stated, is in proper legal form.

Bill of exceptions No. 12 complains of the following charge of the court: "Now if you believe from the evidence beyond a reasonable doubt that the defendants or either of them did in Angelina County, Texas, on or about the 13th day of December, 1908, fraudulently take one hog belonging to J. A. McAdams," etc. To which instruction appellant in open court excepted, because said charge is not in keeping with the indictment in this cause, and that said charge names an impossible date and thus authorized the jury to find the defendant guilty of a crime which might have been committed nineteen months subsequent to the date of the filing of the indictment in the District Court of Angelina County, Texas, for that said date charged in the court's charge was as late as December 13, 1908, and the indictment was filed in said court on May 7, 1907. While it is true

the court should have said on December 13, 1907, instead of 1908, yet it is a patent and palpable inadvertence as suggested by the court and could not possibly have misled the jury. The indictment was found some time prior to the prosecution, and there is no cavil in the evidence on the part of the witnesses in this case as to the date of the commission of the theft of the hog.

Bill of exceptions No. 13 complains that defendant was required to go to trial before and challenge from a jury which was drawn prior to announcement of ready for trial by the defendant. The court approves this bill with this statement: "That if the jury was drawn as complained of, it was not called to the attention of the court and no objection was made at the time nor until since the trial." The explanation clearly disposes of appellant's complaint.

The evidence in this case clearly establishes the guilt of appellant, and finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*