## JIM RENO v. THE STATE.

### No. 3980. Decided May 19, 1909.

**1.—Local Option—Practice in County Court.**

Where no injustice is shown, and the case was reached on regular call, an objection that the case was tried out of its regular order was not well taken.

**2.—Same—Charge of Court—Date of Offense.**

Where upon trial of a violation of the local option law the record showed that the date of the offense appearing in one part of the court's charge was clearly a clerical error, and that the charge read as a whole stated the date correctly there was no error.

**3.—Same—Charge of Court—Accomplice.**

Where upon trial of a violation of the local option law the defendant's testimony suggested that the prosecuting witness sold the whisky in question, there was no error in the court's failure to charge that said witness was an accomplice as in this event the prosecuting witness would not be an accomplice but an independent principal, regardless of defendant's interest in the matter.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, and *J. E. Brown,* County Attorney, for the State.—Cited cases in the opinion.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

The first ground of the motion for a new trial complains that the court erred in trying the case out of its regular order upon the docket. There is no element of surprise or injustice shown by the facts in connection with this matter. The other cases were postponed or continued and appellant's case reached upon the regular call.

The second ground of the motion complains that the court erred in that part of the charge wherein the court charged the jury that the appellant was charged with the offense of selling intoxicating liquor on or about the 8th day of April, 1908, and then charged the jury that if they should find that the appellant sold intoxicating liquor on or about the 8th day of October, 1908, that they should convict. This is clearly a clerical error as suggested by the court in signing the bill, and when the charge is read as a whole it tells the jury they must find beyond a reasonable doubt that defendant sold intoxicating liquor on or about April 8, as alleged in the indictment. Clerical errors of this character will not be the basis for reversal of the case. See Moore v. State, 55 Texas Crim. Rep., 3, 114 S. W. Rep., 807.

The third ground of the motion complains that the court erred in not instructing the jury that the witness Jim Scarborough was an accomplice instead of leaving it to the jury to decide whether he was an accomplice. This objection is not tenable. The charge complained of is not properly nor accurately drawn, but appellant does not complain of the charge in the respect suggested, but insists that the court should have charged that the prosecuting witness was an accomplice. If the State's testimony be true the prosecuting witness bought the whisky from appellant. If the defense testimony is true,

appellant did not sell any whisky at all, and suggests that the prosecuting witness sold the whisky to Winstead, the party to whom it was sold, and not appellant. If the prosecuting witness sold the whisky he could not be an accomplice, but a principal, and, therefore, individually guilty regardless of appellant.

The evidence clearly supports the verdict and the judgment is in all things affirmed.

*Affirmed.*