JIM GILBRAITH v. THE STATE.

RES GESTÆ—EVIDENCE OF THEFT.—Evidence of taking other prop-
erty than that alleged in the indictment to have been stolen is inad-
missible, unless necessary to establish identity in developing the *res
gestæ*, or in making out the guilt of the accused by circumstances
connected with the alleged theft, or to explain the intent with which
the accused may have acted.

APPEAL from Fannin. Tried below before the Hon. J.
C. Easton.

Jim Gilbraith was indicted for theft of a blue dun bull
of the value of fifteen dollars, the property of W. J.
Myers.

On the trial Myers testified that about the 1st of May,
1874, in Fannin county, he found near his residence the
carcass of a dead animal, skinned, with part of the neck,
head, and ears unskinned. On careful examination, wit-
ness was satisfied that it was the carcass of his bull. Wit-
ness saw the bull on Saturday evening previous about his
cow lot, and on the following Monday, about nine o'clock,
saw the carcass, &c., in the prairie, about one and one-half
miles from his residence. There was a bullet hole back
of the right shoulder; did not know whether it had passed
through or not; did not examine. Wednesday or Thurs-
day following witness found the hide of his bull at C. W.
Layton's butcher pen. That "defendant had no steer of
this character." Witness did not raise the bull; did not
know whether the mark and brand were recorded.

G. D. Thomas testified that he knew the animal de-
scribed in the indictment. It was the property of Myers,
and was well known in the neighborhood. Witness, on
Tuesday, after it was known that the bull was stolen, went
to Layton's butcher pen and described the missing animal
carefully, and was informed that there was such a hide in
the yard. On examining the hide, he found it to corres-
pond in everything with the bull described. Witness

notified Myers. Witness knew the animal .well, and has not seen the bull since in the range.

Layton testified that about May 1st, 1874, he was a butcher at Bonham. About that time defendant came to witness' shop with two hides for sale: one of a blue dun color, skinned up to the neck, the other a red hide, branded S S. Witness bought both hides from accused. On the next day Thomas "came to my shop, and described a hide. I told him I had such a hide. He (Thomas) said it was the hide of Myers' dun bull. Thomas went and inspected it; recognized it. Myers afterwards came and identified the hide and claimed it." Thomas described the hide accurately, and Myers claimed it as his property.

"On the same day Mr. Jack Russell came to my yard and recognized the hide of a red steer; said it was his, and was branded S S. Witness showed Russell the hide of a red steer, which he identified as his property. No suits have been instituted for the hides, or either of them."

Albert Stancel testified that defendant had lived with witness a considerable time; was a thrifty freedman; that defendant must have known the animal in question.

There was evidence in behalf of defendant tending to prove an alibi, and that accused bore a good character.

The defendant excepted to the testimony concerning Russell's steer.

A verdict of guilty was rendered, punishment fixed at three years in the penitentiary. Motion for new trial overruled, and judgment entered upon the verdict from which appeal was taken.

No brief for appellee.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—The judgment in this case must be reversed for the error of the court in admitting evidence for the State, tending to prove appellant had

committed the theft of a steer belonging to a different
party than the ·owner of the animal mentioned in the in-
dictment, as it seemed to be supposed, about the same
time when the offense was· committed for which he is in-
dicted.

There are, unquestionably, cases in which it is admissi-
ble, in support of the charge against the defendant, to ad-
duce evidence which may refer to and be more directly
connected with other offenses than the one for which he is
on trial, or even to go directly into and show other crim-
inal transactions of a similar character. Such evidence,
however, is admitted mainly when it is necessary to estab-
lish identity in developing the *res gestœ*, or in making out
the guilt of the defendant by a chain of circumstances
connected with the crime for which he is on trial. (Mason
*v.* The State, 42 Ala., 532.) But much the larger class of
cases, where proof of another crime is admissible as direct
evidence against the accused, is when the intent with
which a particular act is done may be the gist of the of-
fense. (1 Bish. Crim. Proc., sec. 1067, note 4.)

Without undertaking to say that the evidence admitted
over the objections of appellant might not be shown to be
proper, by a more full and accurate presentation of the
facts than is done by the evidently imperfect record on
which the case is now presented, (which shows by bill of
exceptions and the charge of the court that testimony
went to the jury which is not incorporated in the statement
of facts,) we are unable to see, as the case now stands, upon
what ground it should have been admitted. It served in
no way to identify the thing stolen, or connect the defend-
ant with the offense for which he was on trial. It forms
no part of the *res gestœ*. As here presented, it is not appar-
ently a link in a chain of circumstances proving appellant's
guilt of the theft with which he is charged. And the in-
dictment being for theft, and nothing presented from which
it can be seen that there was any question before the court

as to the intent with which the defendant may have acted, if it was admitted that any such defense could have been set up by him, it is not seen how it was material for this purpose on any issue in the case.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.