## DICK RICHARDS v. THE STATE.

1. PRACTICE. — The refusal by the court below, in a misdemeanor case, to give requested instructions to the jury, must be duly excepted to at the time, by proper bill of exceptions, or the refusal will not be revised by this court.

2. FILE-MARKS. — Certain entries appear in the transcript, purporting to be special instructions asked and refused; but nothing in the transcript shows that they were filed in the court below. *Held*, that this court cannot consider them.

3. EVIDENCE. — In a trial for an assault with a pistol, the court below, over objection by the accused, admitted proof that, in the same difficulty, immediately after presenting a pistol at the assaulted party, the accused seized an ax and tried to use it upon him. *Held*, that the testimony was competent as part of the *res gestæ*, and also to show the intent with which the pistol was presented.

Appeal from the County Court of Houston. Tried before the Hon. S. A. Miller, County Judge.

*Moore & Spence*, for the appellant.

*W. B. Dunham*, for the State.

Ector, P. J. The defendant was indicted for an aggravated assault upon one Charles Burrell with a pistol, the same being a deadly weapon. He was convicted by the jury of a simple assault, and fined $25, and the case is before us on appeal. The errors assigned are :

" 1. The court erred, in view of the general charge, in refusing the special charge asked by the defendant.

" 2. The court erred in refusing a new trial. [See motion for new trial.]

" 3. The court erred in admitting evidence over defendant's objections."

The rule is well settled that in misdemeanors the defendant must except to the action of the court at the time of the trial, if he is not satisfied, and if not excepted to it will not be revised by this court on account of objections of the character complained of in this case. *Mooring* v. *The State*, 42 Texas, 86 ; *Forrest* v. *The State*, *ante*, p. 232, and authorities there cited.

There appears in the transcript what purports to be special charges which were asked, and were refused by the court. These special charges not being marked filed, as the law requires, we cannot consider them. *Haynie* v. *The State*, *ante*, p. 223 ; *Parchman* v. *The State*, *ante*, p. 225 ; *Krebs* v. *The State*, *ante*, p. 348.

There is a conflict in the testimony. The jury believed the evidence offered by the state in preference to that offered by the defendant. They had the witnesses before them, and heard them testify. The judge who presided in

the County Court refused a new trial. There is nothing in the record to justify us in holding that the discretion of the court was not properly exercised in support of the due administration of justice. We cannot say that the verdict of the jury was erroneous, was without evidence, or was contrary to the evidence. This disposes of the second error assigned.

On the trial of the cause the county attorney for the state offered to prove by the witness Charles Burrell that the defendant got an ax and tried to commit an assault upon him, Burrell. The defendant excepted to this evidence on the ground that the bill of indictment charges the defendant with an assault made with a pistol, and that the state cannot prove an assault with a different weapon. The court overruled the objection, to which the defendant excepted, and tendered a bill of exceptions, which the judge signed with this qualification : " that the court permitted the evidence to go to the jury, not to prove an assault other than that charged to have been made with a pistol, but to show the unlawful purpose of the defendant, the effort to use the ax being immediately following, and closely connected with, the supposed assault with a pistol." This evidence was admissible as being a part of the *res gestæ*, and also to show the intent with which the defendant presented the pistol at the witness Burrell. 1 Greenl. on Ev., secs. 51–53 ; *Gilbraith* v. *The State*, 41 Texas, 567 ; *Cesure* v. *The State*, 1 Texas Ct. App. 18. The judgment is affirmed.

*Affirmed.*