## G. E. AND R. J. WHITE *v.* THE STATE.

1. THE "COMMON-SENSE" INDICTMENT ACT.— The principal change effected in indictments by the act of March 26, 1881, "to prescribe the requisites of indictments in certain cases," is to obviate the requirement of circumstantial allegations. It does not affect the evidence necessary to establish the inculpatory facts.

2. RETAILING LIQUOR.— INDICTMENT charged that the defendants did, "acting together and with each other, unlawfully sell intoxicating liquors to A. J. Dawson, without having obtained license therefor." *Held*, a good indictment under the act of 1881, "to prescribe the requisites of indictments in certain cases." A sale of any quantity might be proved by the State, to establish the offense.

3. SAME — EVIDENCE.— At the trial of merchants on an indictment which charged the sale of liquor to one D., the proof showed that the sale to D. was made by a clerk of the defendants in their absence, but failed to show their complicity in the sale. *Held*, that it was error to allow the State, over objections by the defense, to prove that the clerk also sold liquor to others beside D., in the absence of the defendants.

4. PENALTY — CHARGE OF THE COURT.— For selling liquor without license the penalty prescribed is a fine not less than the taxes due nor more than double that amount. When there was no proof that any taxes were due to the county, it was error to so instruct the jury as to allow them to assess a higher fine than double the taxes due the State.

Appeal from the County Court of Waller. Tried below before the Hon. H. C. Tompkins, County Judge.

The indictment was as follows: " In the name and by the authority of the State of Texas, the grand jury of Waller county present in the District Court of said county that, about the 18th day of September, A. D. 1881, in Waller county, Texas, G. E. & R. J. White did, acting together and with each other, unlawfully sell intoxicating liquors to A. J. Dawson, without having obtained license therefor; against the peace and dignity of the State."

The defense moved to quash the indictment because, among other reasons, it does not set forth the offense with which the defendants are charged, in plain and intelligible words, and because it does not show the quantity of intoxicating liquors defendants are charged with having sold. The motion was overruled, and the defense reserved exceptions.

The trial proceeded on the plea of not guilty, and A. J. Dawson testified that, about September 18, 1881, he bought from one Terrill, in the store of defendants where he was acting as clerk, a bottle of Home Sanative Cordial or medicated bitters, which he bought partly as medicine and partly because he liked something of the kind before breakfast. It was intoxicating; witness had seen men drunk from drinking it. Over objection by the defense, the witness further stated that he had repeatedly seen the clerks in the defendants' store sell these bitters, and also brandy-cherries, to certain' other persons, who got drunk on the fluids. Witness had never seen defendants sell anything of the kind, nor was either of them present when witness saw any of their clerks sell the beverages named.

Another witness for the State was allowed, over objection by the defense, to testify that he had often bought

Home Sanative Bitters, and brandy-cherries and peaches from the defendant's store, and had made such purchases during the month of September, 1881.

· The State proved that the defendants had obtained no license and had paid no tax· for sale of liquors during the year 1881.    There was no proof whether any county tax had been levied or was due; but the jury were instructed that in case they found the defendants guilty, and that the liquor sold was not less than a quart nor more than five gallons, they could assess the fine at not less than $300 nor more than $600,— an instruction which no doubt assumed a county levy of fifty per cent. on the State occupation tax.    The jury found a verdict of guilty and fixed the fine at $300.

*T. S. Reese*, for the appellants.

*H. Chilton*, Assistant Attorney General, for the State.

Winkler, J.    The indictment charges that, in Waller county, about September 18, 1881, the defendants "did, acting together and with each other, unlawfully sell intoxicating liquors to A. J. Dawson, without having obtained license therefor, against," etc.

ˈThe indictment is sufficient to charge the offense therein set out, agreeably to the provisions of the act of March 26, 1881, entitled "An act to prescribe the requisites of indictments in certain cases."    Pamphlet Laws of the 17th Legislature, p. 60.    The 5th section is as follows: "In an indictment for selling intoxicating liquors in violation of any law of this State, it shall be sufficient to charge that the defendant sold intoxicating liquors contrary to law, naming the person to whom sold, without stating the quantity sold.    Under such indictment, any act of selling in violation of law may be proved."

In section 11 is found Form No. 1, which relates to the merely formal parts of indictments, generally.    It is fur-

ther provided, in section 12, that "Nothing contained in the 11th section of this act shall be construed to dispense with the necessity for proof of all the facts constituting the offense charged in an indictment, as the same is defined by law." The most important change in the act of March 26, 1881, is to relieve the criminal pleader of the necessity of alleging in indictments the details of the circumstances which go to make up the general offense intended to be charged, and thus changing the circumstances from matter of pleadings to matter of proof. Under section 12, however, it is still the law that the testimony must show all the facts constituting the offense charged in the indictment, as the same (that is the offense) is defined by law. The general offense charged is matter of pleading; the details are matter of proof.

Under this indictment, therefore, the State would have been permitted to prove a selling in quantities of a quart or less, or more than a quart and less than five gallons, or at either wholesale or by retail, and in fact any kind of selling of spirituous liquors for the sale of which an occupation tax is imposed by law.

The court erred in permitting the prosecution to prove a sale to other persons than the one to whom the selling was charged in the indictment. This is a case in which intent does not enter. It is an offense punishable by law to do the act prohibited by the law, and does not involve the question of intent. As a general rule it is only in cases which are *mala in se* that proof of kindred offenses is admitted, and then only for the purpose of establishing the guilty intent of the person accused. Such proof would be admissible for that purpose in a case which is *malum in se* and in which the intent enters into the crime, but not in a case which is purely *malum prohibitum*. If there had been a question as to whether the selling by the clerk was within the knowledge of the appellants, or within the scope of the clerk's general instructions, it

would then have been admissible evidence to show the knowledge of the principals by circumstantial testimony, such as a sale to other persons. *Gilbraith v. State*, 41 Texas, 567.

There was also error in the charge of the court in stating the amount of the fine. The penalty imposed by law is not less than the amount of the tax imposed, and not exceeding double that amount. It seems from the current of the testimony that the defendants were being prosecuted for selling in quantities of a quart and less than five gallons. The tax imposed for this class of selling is two hundred dollars. There is no proof as to what per cent. of the State tax had been levied for the county; hence it was improper under the proof to charge a higher penalty than double the amount of the State tax, in the absence of proof as to the amount of the county levy.

For these errors the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*