### E. A. GLOVER v. THE STATE.

*No. 293.    Decided April 25.*

1. **Homicide in Defense of Another—Justifiable, When.**—A homicide in defense of another is justifiable under article 570, Penal Code:

   1. When deceased is in the act of murdering such other person.

   2. When it reasonably appears that deceased is in the act of committing murder upon such other person.

   3. Where deceased would have been guilty of murder when in the act of killing upon an insufficient provocation, or his passions had not in fact been aroused by such provocation.

2. **Same—Where Attempted Act of Deceased Would Have Been Manslaughter and Not Murder.**—Where a homicide has been committed in defense of another, and it is made to appear that deceased's act, had he killed such other, would have been manslaughter and not murder, then to justify the homicide it must appear, as under article 572 of the Penal Code:

   1. That accused resorted to all other means to prevent the injury to such other party before the killing.

   2. That he killed while deceased was in the very act of such unlawful and violent attack upon such third party.

   3. That the life of such third party was in peril from the attack of deceased.

3. **Same—Where Another Provokes Difficulty with Intent to Kill, which Intention is Known to Defendant.**—Where one party provokes another with intention to create an opportunity to kill him, and the accused, knowing such intention, commits the homicide, such killing on the part of the accused would be murder, even though it might have been manslaughter had it been committed by the party provoking the difficulty.

4. **Same—Where Intention, in Provoking the Difficulty, is Not Known to Defendant.**—Where the slayer, in behalf of another, is not informed of such other's intention, and acting upon the facts solely as they appear to him, kills the party at-

tempting to take such other's life, in order to prevent his murder, he would not be guilty of any offense.

5. **Same—Acts and Conduct of Deceased.**—When the acts and conduct of deceased are such as to render uncertain whether he intends to kill defendant or another party, under circumstances which would amount to murder, the defendant would have the right to kill him.

6. **Intention of Deceased, Mistaken by Defendant.**—Where deceased, who was an officer, interfered in a difficulty between two other parties and pushed one of them back, at the same time drawing his pistol, and defendant, believing that deceased was not acting officially to preserve the peace, but to take part in the fight, shot and killed him to save the life of the party he appeared to intend injuring, then defendant's act would be excusable in law, though deceased was in fact attempting to prevent the fight and preserve the peace.

7. **Charge—Self-Defense.**—On a trial for murder, where there is evidence that tends to show that deceased intended to shoot defendant at the time defendant shot and killed him, it is error for the court to refuse to instruct the jury upon the law of self-defense.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLANE.

Appellant was indicted in the District Court of Duval County for the murder of one Clemente Reyna, on the 6th of February, 1893. The venue was changed to the District Court of Webb, and on trial in said court appellant was found guilty of manslaughter, the punishment assessed being two years' imprisonment in the penitentiary.

The case is concisely but sufficiently stated in the opinion.

No briefs found with the record.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for manslaughter. It appears from the statement of facts that two persons, namely, Hayes Dix and Andrew Valls, were engaged, or were about to engage, in a fist fight; that Clemente Reyna (deceased) was constable of that precinct, and while Dix and Valls were engaged in the difficulty Reyna stepped up and took hold of Dix, or was about to take hold of him, when Dix, with his arm, pushed him off several feet. One witness says he fell to the floor. All the rest deny this. Reyna in no manner, if his object was to preserve the peace or arrest the parties, made known his purpose, for he said nothing whatever. When being shoved back he drew his pistol, evidently with the intention of killing Dix or Glover, who, with his gun, was sitting in the room. The evidence leaves us in doubt which was the intended victim. While drawing his pistol, Glover spoke to him several times, demanding that he should raise his hand—some say, stop; all agreeing that what Glover did say was to prevent deceased from shooting. Deceased did not heed Glover,

but was in the act of shooting when Glover fired. Deceased fell with finger on the trigger, and died instantly. Under this state of facts, the court charged the jury: "(9) If, however, the facts and circumstances in evidence do not satisfy your minds that the killing, if there was a killing, was the result of a premeditated design on the part of Glover to take the life of a human being, but you do believe that Reyna was the constable of that precinct, and that Valls and Dix were fighting together in a saloon, and in the presence of said Reyna, and that Reyna was endeavoring in an orderly manner to keep the peace between them, or to arrest them, or either of them, and that Dix pushed him down or backward, and that Reyna drew his pistol, either for the purpose of shooting Dix or to overcome resistance, and you believe that thereupon defendant killed Reyna by shooting him with a gun, then you will find him guilty of murder in the second degree. (10) If, however, you believe that defendant interfered between said Reyna and Dix, but not for the purpose of preventing Reyna from keeping the peace between Valls and Dix, nor to prevent Reyna from arresting Dix, but you do believe that Valls and Dix were fighting together in a saloon, in the presence of Reyna, and that Reyna was the constable of that precinct, and that he was endeavoring in an orderly manner to keep the peace between said Valls and Dix, or to arrest them, or either of them, and that Dix pushed him down or backward, and that Reyna drew his pistol, and that it reasonably appeared to the defendant, from the acts of said Reyna, that it was the purpose and intention of said Reyna to kill Dix, and thereupon the defendant killed Reyna by shooting him with a gun, and you further believe that he did so solely for the purpose of preventing Reyna from killing Dix, then and in that event you will find the defendant guilty of manslaughter."

What are the rules of law applicable to the state of case presented by the record? If deceased was in the act of shooting Dix, and if Dix had been killed by him, he would have been guilty of the murder of Dix; Glover would have been justified in killing deceased. Or, if it reasonably appeared to Glover that deceased was in the act of committing murder by shooting and killing Dix, the appellant would have been justified. Again, if the act of Dix in shoving deceased back, or upon the floor, was such a provocation as would have provoked him to such a passion as would have reduced the homicide, if he had killed Dix, to manslaughter, of what offense would Glover have been guilty in killing deceased to prevent manslaughter—murder or manslaughter? Or would he have been guilty of any offense? A slaps B in the face. B's passions are aroused. He draws his pistol, with intent to kill A. C, to prevent A's death, kills B. Is he guilty of any offense? If so, what? Or is he justified? Now, if B would have been guilty of murder, the provocation not being sufficient, or, in fact, his passions not being aroused, C would be

justified, under article 570 of the Penal Code. But suppose B would have been guilty of manslaughter only. Homicide is justifiable also in the protection of the person against any unlawful and violent attack. Under what circumstances? If C kills B to prevent an unlawful and violent attack upon A, besides those named in article 570, he must (1) resort to all other means to prevent the injury to A; (2) he must kill while B is in the very act of making such unlawful and violent attack upon A; (3) the life or person must be in peril from the attack. Suppose A provokes B to attack him, desiring a pretext for killing him. C is present, with knowledge of A's intention. B makes the attack on A, and C kills him to prevent A's death. He would be guilty of murder. Suppose the provocation not sufficient to reduce it to manslaughter, and that B would have been guilty if he had succeeded in killing A. Still, C, knowing the intention of A, would have been guilty of murder. But if C was not informed of A's intention, and, acting upon the facts as they appeared to him, killed B to save the life of A, he would not be guilty of any offense.

Looking again to the case before us, when Dix pushed deceased from him, and deceased drew his pistol, intending to shoot and kill him or Glover, is it at all clear that if he had killed either he would not have been guilty of murder? If so, Glover had the right to kill him. Another view of the case: Suppose Glover believed that deceased was aiding Valls when he took hold of Dix, and when thrown back he drew his pistol to kill Dix, and was not acting in his official capacity for the purpose of preserving the peace, but as a party to the fight, or the intended fight. Glover evidently would have been excused for killing him to save the life of Dix, though deceased was in fact attempting to prevent the fight and preserve the peace. Charges numbers 9 and 10 do not contain the law of this case. Nor does the charge as a whole present the rules applicable to the case, and those requested, if not strictly correct, called the attention of the court to the correct rules, and they should have been submitted to the jury. There is no pretext that Dix provoked deceased to do anything whatever with the intention of having a pretext for killing or having him killed.

Again, there is evidence which tends to show that deceased, when he had drawn his pistol, intended to shoot Glover, and was prevented by being shot by Glover, in protection of his own life. This theory of the case was ignored entirely by the charge. Of this omission in the charge appellant's counsel complained, and to cover the same requested instructions thereon. The omission was error.

For the reasons indicated above, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.