## JOHNSON JOHNS v. THE STATE.

### No. 3457. Decided March 3, 1915.

**1.—Pulling Down Fence—Possession—Title—Jurisdiction.**

Where the evidence showed that the party alleged to be injured went into possession of the land and fence in question as independent executrix of the deceased owner, against whom defendant brought a suit for possession as the rightful owner, which suit was dismissed and that said executrix remained in possession of said land and fence, the court did not err in overruling a plea to the jurisdiction of the County Court, as the title to the land was not involved and could not be adjudicated, and the question was who was in actual possession of the fence alleged to have been torn down.

**2.—Same—Other Transactions—Evidence—Good Faith.**

Upon trial of unlawfully pulling down a fence the property of another, there was no error in admitting testimony that defendant not only tore down the fence in question, but also tore down the fence around another tract of land in possession of the party injured, the defendant contending that he pulled down the alleged fence believing that he had a right to do so. Following Davison v. State, 12 Texas Crim. App., 214, and other cases.

**3.—Same—Evidence—Intent—Rule Stated—Other Offenses.**

In all cases in which the guilty knowledge or intent of a party in the act or transaction in question is an essential element, evidence of other similar acts or offenses committed by such party is relevant and competent testimony.

**4.—Same—Misdemeanor—Charge of Court—Limiting Testimony.**

In the trial of a misdemeanor, the court is not required to give a charge to the jury, and if he does do so, the defendant must reserve an exception thereto and present a special charge, in the absence of which it is too late to

complain of the court in not limiting the testimony as to the good faith of the defendant, in the motion for new trial; besides, the court submitted that issue.

### 5.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully pulling down the fence of another, the evidence showed that defendant knew the party injured was in possession claiming it as her own, he had no authority or right_to_forcibly seek to take possession away from her, but should have brought a civil suit therefor, and the evidence being sufficient to sustain a conviction, there was no reversible error.

Appeal from the County Court of Kaufman. Tried below before the Hon. James A. Cooley.

Appeal from a conviction of unlawfully pulling down a fence of another; penalty, a fine of $10.

The opinion states the case.

*Ed R. Bumpass* and *Huffmaster & Huffmaster*, for appellant.—On question of other transactions: Barton v. State, 28 Texas Crim. App., 483; Washington v. State, 23 id., 336; Maines v. State, 23 id., 568; State v. Jeffries, 117 N. C., 727.

On question of jurisdiction: Clark v. State, 5 S. W. Rep., 163; Boyd v. State, 28 Texas Crim. App., 524; Evans v. State, 15 id., 31; Harris v. State, 17 id., 177; Walker v. Haley, 147 S. W. Rep., 360.

*C. C. McDonald*, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully pulling down a fence, the property of Sallie Cole, and his punishment assessed at a fine of $10.

It appears that more than twenty years ago Judia Ann Johns went in possession of some twenty acres of land in Kaufman County, residing on ten acres thereof. That during her lifetime a dispute arose between her and appellant, and he was allowed to go in possession of five acres of the land. That subsequent thereto, in about 1907, appellant brought suit for five more acres, he claiming title to ten acres of the land. After the suit was brought by appellant, Julia Ann Johns died, and he made Sallie Cole, the prosecuting witness in this case, a party to the suit as independent executrix of the estate of Julia Ann Johns. The suit was subsequently dismissed under rule for costs, which would leave Sallie Cole as independent executrix in possession of the five acres of land and the fence situate thereon. Sallie Cole testified that her mother had placed the fence on this land more than twenty years ago, the witness assisting in building the fence, as well as her brother, Walter Johns. Walter Johns testified to this same state of facts. Appellant does not deny this fact, but admits it to be true. However, he says he was the rightful owner of the land; that the deed which was made to Julia Ann Johns for this land in 1875 was made without his knowledge; that he in fact paid for the ten acres of land. However, from the record it is shown beyond question that Julia Ann

Johns was in possession of the land, and the fence thereon when she died, and that appellant had then brought suit for the land, and furthermore that Sallie Cole went into possession of the land and fence as independent executrix of the estate of Julia Ann Johns, and when appellant's suit was dismissed, that she remained in possession thereof. The court did not err in overruling the plea to the jurisdiction of the County Court as the title to the land was not involved and could not be awarded in this suit; the evidence was brought into the record in showing who was in possession of the land and fence, and whether or not appellant's claim that he tore down the fence under an honest belief that he had a right to do so, was correct.

It appears by the testimony of Sallie Cole that since appellant's suit for the land on which the fence was situated was dismissed under rule for a cost bond, he had torn down the fence in question several different times and the prosecuting witness had had it placed back; that on this occasion he tore the fence down mainly between sundown and sunup, he giving as his reason that his children were going to school and he utilized the time when they were not at school that they might assist him. Sallie Cole testified that appellant not only tore down the fence around this five-acre tract, but he had also torn the fence down around another tract of land in her possession. Appellant objected to this latter testimony on the ground that it was incompetent and too remote. As appellant's contention was (admitting that he had torn down the fence) that he did so under the belief that he had the right to do so, the evidence was admissible. Mr. Branch, in his work on Criminal Law, says: "When extraneous crimes tend to show the intent, when intent is an issue, the testimony is admissible," citing Gilbraith v. State, 41 Texas, 567; Long v. State, 11 Texas Crim. App., 381; Davidson v. State, 12 Texas Crim. App., 214; Glover v. State, 33 Texas Crim. Rep., 224; Penrice v. State, 105 S. W. Rep., 797, and other cases. In the Encyclopedia of Evidence, volume 7, page 627, the rule is said to be: "In all cases in which the guilty knowledge or intent of a party in the act or transaction in question is an essential element, evidence of other similar acts or offenses committed by such party is relevant and competent testimony," citing authorities from many States. All the acts were committed by appellant after the time his suit was dismissed in the District Court and prior to the time this prosecution was commenced, and would aid the jury in determining whether appellant's claim that he tore down the fence under the belief he had a right to do so was correct, and the testimony was not too remote. Appellant insists that if the testimony was admissible, the court should have instructed the jury the purpose for which said testimony was admissible. This is a misdemeanor, and the court is not required to give any charge to the jury, and if he does do so, the appellant must reserve an exception to the charge as given or failure to submit an issue, and present a special charge on that issue. This appellant did not do, and it is too late to complain of the charge in this respect in the motion for a new trial.

The court's charge on the issue of appellant's claim that he acted in good faith believing he had a right to tear down the fence, was presented in as favorable light as he had a right to demand in the court's main charge. It was not objected to in any manner at the time it was given, and under such circumstances there was no error in refusing the special charges requested.

The appellant's suit for the land on which the fence was situate, his testimony on the trial that his mother had been in possession of it, and his sister also, shows conclusively that he intended by force, without her consent, to eject her and take possession. This the law does not sanction. In a civil suit for the land he may, as he contends, be adjudged the owner of the land, yet he admits he knew another was in possession, claiming it as her own, and the courts are created to settle such differences, and he had no authority or right to seek to forcibly take possession away from one in possession when the record discloses that she and those under whom she claimed had been in possession of the land for more than twenty years.

The judgment is affirmed.

*Affirmed.*