## W. J. Murley v. The State.

No. 9905.   Delivered April 28, 1926.

Rehearing denied November 17, 1926.

### 1.—Rape—Evidence—Held Admissible.

Where on a trial for rape of a girl under the age of consent, evidence that appellant represented to prosecutrix and her mother, prior to the assault, that he was a chiropractor from El Paso, and that his name was Harris, and that he wanted to treat prosecutrix, and did treat her as a chiropractor, was properly admitted.

### 2.—Same—Continued.

And so were similar representations made by appellant to numerous others, properly admitted, such acts and declarations on the part of the appellant tending to establish his identity.

### 3.—Same—Evidence—Order of Introduction—Rule Stated.

While it is a general rule of evidence that rebuttal testimony shall not be admitted on the introduction of the testimony in chief, where such rebuttal testimony is erroneously received on the presentation of the state's case, and thereafter appellant takes the stand, and his testimony makes the rebuttal testimony admissible, the fact that the rebuttal testimony was admitted out of the proper order, will not warrant the reversal of the case. Following Gregory v. State, 92 Tex. Crim. Rep. 518, and Nichols v. State, 97 Tex. Crim. Rep. 174.

### 4.—Same—Evidence—Extraneous Matters—When Admissible.

It is well settled in this state that one of the exceptions to the rule forbidding proof of other offenses and transactions, is where such evidence shows or tends to show identity or system or tends to connect the defendant with the offense for which he is on trial. See Branches Ann. P. C. Sec. 166, and cases there cited.

### 5.—Same—Evidence—Condition of Prosecutrix—Properly Admitted.

There was no error, on a trial for rape, in permitting the state to prove by a physician that after the alleged assault, he made an examination of the prosecutrix, and found no hymen present, and that such condition would prevail when a girl of her age had intercourse with a man.

### 6.—Same—Bill of Exception—In Question and Answer Form—Not Considered.

Where a bill of exception is in question and answer form it cannot be considered, and there is no error presented in appellant's bill, in that form, complaining of the rejection of certain testimony tendered by him by the witness, Matthews.

### 7.—Same—Impeaching the Defendant—Held Proper.

On a trial for rape there was no error in permitting the state to ask the appellant on cross-examination if he had ever been charged with the offense of assault with intent to rape. This character of cross-examination has always been held permissible for the purpose of impeaching the accused, when testifying in his own behalf.

**8.—Same—Evidence—Flight of Accused—Properly Admitted.**

Where an officer was permitted to testify that he had been called out to investigate the offense that the appellant was accused of, and a description of him was given, and that he sought to find and arrest appellant under such charge and that he did arrest him some two months after the alleged offense, at which time appellant was going under the assumed name of Harris, such testimony was properly admitted, as evidence of flight by appellant.

ON REHEARING.

**9.—Same—Evidence—Showing Identity—Properly Admitted.**

Where on a trial for rape it was shown that appellant obtained entry into the home of prosecutrix on the pretense that he was a chiropractor by the name of Harris, which representations were denied by him on the witness stand, there was no error in permitting other female witnesses to testify that appellant had made the same representations to them. This testimony came clearly within the rule permitting such testimony on the question of the identity of the accused.

**10.—Same—Evidence—Order of Introduction.**

Where appellant takes the witness stand and his testimony makes admissible the testimony of the state presented in chief, but which should properly have been introduced in rebuttal, he will not be heard to complain of the order in which such testimony was introduced. If a wrong was done him in the admission of the testimony in chief, he waived any injury by testifying, and thereby making such testimony in chief, admissible in rebuttal of his own testimony.

Appeal from the District Court of Grayson County. Tried below before the Hon. Silas Hare, Judge.

Appeal from a conviction for rape, penalty seven years in the penitentiary.

The opinion states the case.

*Jas. D. Buster* and *J. P. Cox,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Grayson County for the offense of rape, and his punishment assessed at seven years in the penitentiary.

The record discloses that the appellant was convicted of rape by force upon Johnnie Dalton, a girl under the age of consent. It was the contention of the state, and evidence was introduced to that effect, that the appellant was going under the assumed name of Dr. Harris, and pretending to be a chiropractor; that he had given the prosecuting witness, in the presence of her mother, two adjustments, or what he termed adjustments; that

he called again at a time when he knew the mother would be absent and insisted upon giving the prosecuting witness another adjustment, under the pretext that he could not be in town at a time when her mother would be present; that the prosecuting witness reluctantly consented that he treat her, or give her an adjustment, in her mother's absence, and that during the process of the pretended treatment appellant forcibly and without her consent had intercourse with her. The appellant defended upon the ground that he was not present at the time and place of the alleged offense, but was elsewhere. He took the stand in his own behalf and testified in support of the foregoing contention. It is disclosed by the record that appellant's name was not Harris, but his true name was Murley, and that he was not a chiropractor, but a painter and a paper hanger.

The record discloses eleven bills of exception. Complaint is made in bill of exception No. 1 to the action of the court in permitting the state to show by the prosecuting witness, Miss Johnnie Dalton, and her mother that on Saturday, September 27th, prior to the alleged rape on the 29th, the appellant told said witnesses that he was a chiropractor from El Paso, that he was going to open up an office in the town and desired to give the prosecuting witness a treatment, and that he wanted an office girl and would give the prosecuting witness employment at a salary of $15.00 per week. The appellant objected to said testimony upon the ground that he was not charged with any offense on the 27th, but was charged with an offense on the 29th of September. We are of the opinion that there is no merit in this contention, and that the court committed no error in admitting said testimony.

Bills Nos. 2, 3, 4, 6, 7 and 11 complain of the action of the court in permitting the state to prove by certain state's witnesses that the appellant had told them that he was Dr. Harris, a chiropractor, and had offered to employ one of the witnesses, a young lady, as stenographer, claiming that he had an office in town. Appellant objected to this testimony because it was immaterial, prejudicial, an attempt to show other transactions which would not prove or disprove any issue in the case, and was not in rebuttal of any evidence offered by the appellant. These bills further disclose that this evidence was offered in chief by the state prior to the time appellant took the stand or tendered any evidence in his own behalf. It was error for the court to permit the state to introduce this evidence in chief, and the same should have been introduced and offered in rebuttal of the appellant's contention, and his evidence, to the effect that

he was not present at the time and place of the offense, but was elsewhere, and that his name was not Harris and he had never gone under said name, or told anyone that he was a chiropractor. However, we are of the opinion that this error in admitting said testimony prematurely, under the peculiar facts of this case, is not such an error as would warrant this court in reversing the case. Gregory v. State, 92 Tex. Crim. Rep. 518, 244 S. W. 615; Nichols .v. State, 97 Tex. Crim. Rep. 174, 260 S. W. 1053. This court, in both of the foregoing cases, held that the premature introduction of testimony of a similar character was not such error as would justify a reversal of the judgment of the lower court.

The contention made by appellant to the effect that said evidence was going into extraneous matters disconnected with any issue upon trial, and therefore inadmissible, is not well taken. One of the exceptions to the rule forbidding proof of other offenses and transactions is when it becomes necessary to show identity, system, or tends to connect defendant with the offense with which he is charged. We think this evidence came clearly within the exception to the general rule, and the court properly permitted the state to introduce said testimony on the question of the identity of appellant. See Branch's Ann. P. C., Sec. 166, citing Gilbraith v. State, 41 Tex. Crim. Rep. 567; Gray v. State, 178 S. W. 337; Henderson v. State, 172 S. W. 794, and many other authorities. See also Branch's Ann. P. C., Sec. 2347, citing Johns v. State, 174 S. W. 610; Nowlin v. State, 175 S. W. 1070. Also see Gregory v. State and Nichols v. State, supra.

Bill No. 5 complains of the action of the court in permitting the state to prove by Dr. Long that after the alleged offense he examined the prosecuting witness and found "no hymen present," and that such a condition would prevail when a girl of her age had intercourse with a man; appellant's contention being that said examination was too remote from the date of the alleged offense. We are unable to agree with this contention and think the objection would go more to the weight than to the admissibility of this evidence.

Bill No. 8 complains of the refusal of the court to permit the appellant to show by the witness, Matthews, an account of one Bronstead, which appellant contends would corroborate him on the question of an alibi. This bill is in question and answer form, which precludes our consideration of same.

Bill No. 9 complains of the action of the court in permitting the county attorney to ask appellant, on cross-examination, if

he had ever been charged with the offense of assault with intent to rape, appellant's objection being to the effect that the indictment would be the best evidence and that same was of a prejudicial nature. We think this contention is untenable, and, as shown by the bill, the testimony was admissible for the purpose of discrediting the testimony of the appellant. In no event was the question harmful in this instance, as the appellant, in his answer, denied any such charge.

Bill No. 10 complains of the action of the court in permitting the state to prove by G. W. Price, a policeman, that on September 29th he was called out to investigate this alleged rape, that a description of the assailant was furnished him, and that he afterwards arrested the appellant, Murley, some time in the following November. The witness further testified that he had been looking for said assailant under the name of Harris until the date of the arrest. The objection urged to this testimony was that it was irrelevant and immaterial, a different transaction, at a different time, prejudicial, and did not tend to prove or disprove any controverted issue in the case. This bill, as presented, shows no error, because part of the evidence was admissible and the objections urged went to the whole testimony.

After a careful examination of the entire record, and finding no reversible error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant obtained entry into the home of prosecutrix on the pretense that he was a chiropractor by the name of Harris, and that he wanted to employ her to work in his office. So claiming and asserting that as soon as she began to work for him he would treat her for nothing, he began at her home what he called adjustments. He would have prosecutrix take off all her clothes save her night gown, when he gave such treatments. Her mother was present at such times. The mother worked away from home in the daytime. So ascertaining, appellant came to the house of prosecutrix in the daytime and insisted on giving the girl a treatment which he had an engagement to give her that evening in the presence of the

mother.    Prosecutrix objected, but when he told her that he could not come that night she finally acquiesced.    She described his manipulations and forcible ravishment of her.    Other female witnesses in behalf of the state detailed appellant's representations to them that he was a chiropractor named Harris, and his wish to give them adjustments.    This testimony was competent. Appellant was not a chiropractor, and had and maintained no office for the transaction of such business, but on the contrary he was a paper-hanger and painter.    As we view it, this case comes clearly within the rule admitting such testimony for purpose of identifying the accused, and such testimony of other people tended to identify the accused.    He took the witness stand and denied having ever represented himself as a chiropractor or that he went by the name of Harris.

In appellant's motion he urges that while the testimony as to other representations and conduct with other persons than prosecutrix might be admissible as rebuttal, that its admission in chief caused him to take the stand herein, and that but for the admission of such testimony he would not have taken the stand and there would have been no rebuttal.    There is nothing in this proposition.    A defendant who thinks himself not properly treated in the state's development of its case on his trial, should stand on his complaint of the wrong done and not himself thereafter during such trial do things which would make material and pertinent testimony whose admission is the improper matter complained of.

The testimony of Mr. McMennamy that appellant fled when he saw his subterfuge as to having an office and being a chiropractor, about to be exposed, was admissible.    Under the facts of this case the proposition as to whether appellant was such chiropractor and had an office and was giving his name as Harris to the various people mentioned at or reasonably near the time of this alleged rape, would be pertinent testimony.

The motion for rehearing will be overruled.    *Overruled.*