## BEN ALDRIDGE v. THE STATE.

No. 12651. Delivered October 9, 1929.
Rehearing denied November 13, 1929.

332

*Eddie L. Roark* of Dallas, for appellant.

*W. M. McGraw,* Criminal District Attorney, and *Andrew J. Priest,* Assistant District Attorney, both of Dallas, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The offense is rape, the penalty, death.

Three young ladies, including prosecutrix, accompanied by three young men escorts were returning in an automobile to their home at Oak Cliff on the night of the crime in question. Stopping their car to see if they had a flat, they were accosted by appellant and a companion, who at the point of a pistol forced them to alight from the car, drove the young men away, disabled the car, forced the three young ladies into another automobile and took them to a lonely road some miles from the City of Dallas where, according to the uncontradicted testimony, prosecutrix was brutally ravished by appellant. The evidence is overwhelmingly sufficient to show the commission of the offense charged. No defense was offered. No extenuating circumstance appears in the record. The record in fact shows a plea of guilty by appellant.

Appellant brings forward by Bill of Exceptions No. 1 a question of the admissibility of the details of what occurred when appellant and his companion accosted the three young ladies and their male escorts. We quote briefly some of the testimony of one of the young men which was objected to:

"He had a gun and a flashlight in his hand. * * * The man on the running board had a white handkerchief over the lower portion of his face. The man with the pistol that I first saw says: 'All right throw up your hands.' He said 'Throw up your hands and come out of that car.' * * * He said 'Come out of there G— d— quick or I will blow your d— brains out.' * * * He told the girls to go ahead and get in that car while we search these boys.

This man here (defendant) stuck the gun in my ribs and he said 'I just want one squawk out of you, you little s— of a b—.' "

The inadmissibility of this was based upon the claim that it related to a separate and distinct offense, was immaterial and highly prejudicial and was not a part of the res gestae nor admissible for the purpose of establishing the identity of appellant, he having entered a plea of guilty. As part of the scheme and purpose of appellant and his companion it was certainly admissible to show that they drove the young men away and placed the girls in an automobile for the purpose of carrying them away in order to accomplish the crime of rape. The transaction for which appellant was on trial began at the car with the occurrence objected to and was a continuous and uninterrupted one until the commission of the crime charged, which occurred some fifteen to thirty minutes later. The indictment charges a rape by force, threats and fraud. The evidence shows beyond controversy that appellant continuously threatened and frightened prosecutrix from the time he first appeared until he accomplished his purpose. All the evidence of threats and the use of a gun and violence in the presence of or toward prosecutrix was admissible under the allegations of the indictment. All such was a part of the res gestae and though such evidence may tend to prove the commission of an extraneous crime, this was no valid ground for its exclusion where it was relevant and material upon the issues made by the pleadings and particularly is this true where the evidence objected to, as in this case, was part of the very transaction for which appellant was on trial. Of such a question Mr. Underhill says:

"If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them can not be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme. Accordingly, where two or more persons are assaulted at or about the same time and place, it will be permitted to prove all the assaults on the trial of one indicted for any one of them for the reason that all the assaults are merely parts of one transaction, and to prove one necessitates proof of all." Underhill's Criminal Evidence (3rd Ed.), Paragraph 152.

See also Robbins v. State, 73 Tex. Crim. Rep. 367; Branch's Penal Code, Sec. 166; Gilbraith v. State, 41 Tex. 567; Johns v. State, 174 S. W. 610.

This testimony we think clearly admissible, which disposes also of appellant's Bill of Exception No. 2, relating to similar testimony.

The point is presented in Bill of Exception No. 3 that testimony from one of the young ladies to the effect that appellant's thumbs were crooked was inadmissible. We think this was admissible to distinguish him from his companion, but even if inadmissible, it was not prejudicial and was of too trivial a nature to justify a reversal under the facts of this case.

Other bills of exception appearing in the record are so qualified by the Court as to show no error and their discussion is deemed unnecessary.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant asks a rehearing on two grounds set out in his motion. It seems admitted in the motion that had there been a plea of not guilty in this case, the testimony complained of would have been material, but since there was a plea of guilty, it is urged that the admission of the testimony was hurtful. We have no rule in this State regarding the amount of admissible testimony which the State may introduce upon a plea of guilty. We know of no rule which would prevent the State putting in all testimony material and admissible as showing the guilt of the accused, if the State so desires. It is not customary for this to be done. We think the testimony complained of was admissible and that the State was guilty of no error in admitting same, for which a reversal should be granted.

The motion for rehearing is overruled.

*Overruled.*