[No. 2437.]

## P. H. DEFRIEND v. THE STATE.

PRACTICE—JURY LAW.—After the jury has been sworn in a felony case the law expressly inhibits their separation "until they have returned a verdict, unless by permission of the court, with the consent of the attorneys representing the State and the defendant and in charge of an officer," and no person shall be permitted to converse with a juror after he has been impaneled in a felony case except in the presence and by the permision of the court. A violation of this rule constitutes reversible error without reference to the question of probable injury, as in the case of a separation without consent of parties or permission of the court. The trial court can not, over objection of the defendant, in a felony case, permit an impaneled juror to converse with the State's attorney or any one else except in the presence of the court.

APPEAL from the District Court of Shelby. Tried below below before the Hon. J. G. Hazlewood.

The conviction in this case was for cattle theft and the penalty assessed against the appellant was a term of two years in the penitentiary.

*H. B. Short* and *Drury Field,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. After the cause had been submitted to the jury and they had been in retirement some time, considering of their verdict, the district attorney requested that one of the jurors be brought out of the jury room in order that

he might consult said juror with regard to another case then pending in court. Defendant objected, but the court granted the request; the juror was brought out from his fellow jurors, and the district attorney held a private consultation with said juror for a considerable time.

After a jury is sworn in a felony case the law expressly prohibits their separation "until they have returned a verdict, unless by permission of the court with the consent of the attorneys representing the State and the defendant, and in charge of an officer;" and no person shall be permitted to converse with a juror after he has been impaneled in a felony case, except in the presence and by the permission of the court. (Code Crim. Proc., Arts. 687, 690.) Separation is not allowable even by consent, unless the jurors are in charge of an officer. (Porter v. The State, 1 Texas Ct. App., 394; Grissom v. The State, 4 Texas Ct. App., 374.) And if permission be given to converse with a juror, the conversation must be had in the presence of the court. (Art. 690.) The question here raised is not like the case of a separation without consent of parties or permission of the court. In such case the probable injury to the defendant would be a proper subject of inquiry, and injury or ʹno injury would determine the nature and effect of the separation. (Clark's Crim. Law, pp. 573, 574 and notes; Warren v. The State, 9 Texas Ct. App., 620; Ogle v. The State, 16 Texas Ct. App., 361; Wright v. The State, 17 Texas Ct. App., 152.)

But that is not the question. The question is, could the court, over objection of defendant, permit a separation? or permit any one, the district attorney not excepted, to converse with an impaneled juror except in the presence of the court? These questions must be answered in the negative, without regard to the question of injury or no injury. The action of the court was a palpable violation of the express inhibition of the statutes, and constitutes reversible error.

Several other errors are complained of, but they are not likely to arise at another trial.

For the error above discussed the judgment is reversed and the cause is remanded.

*Reversed and remanded.*