### BUDDIE THOMPSON v. THE STATE.

#### No. 4086. Decided November 11, 1908.

**1.—Assault to Murder—Evidence—Res Gestae.**

Upon trial for assault with intent to murder there was no error in admitting testimony that defendant broke up the dance, etc. which led up to the difficulty and was part of the res gestae.

**2.—Same—General Reputation for Truth and Veracity.**

Where witnesses have qualified themselves, there was no error in permitting them to testify to defendant's reputation for truth and veracity.

**3.—Same—Charge of Court—Limiting Impeaching Testimony.**

Where the jury could not have used the impeaching testimony for any other purpose than impeachment, it was not necessary to limit same in the charge to impeachment. Following Givens v. State, 35 Texas Crim. Rep., 563.

**4.—Same—Charge of Court—Requested Charges.**

Where special charges were refused and properly covered in the main charge there was no error.

Appeal from the District Court of Caldwell. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at two years confinement in the penitentiary.

Bill of exceptions No. 1 complains that the court erred in permitting the State's witness to testify that appellant broke up the dance, appellant's objection being that he was not indicted for breaking up a dance or for disturbing the peace. The bill shows that this is the occasion that caused the difficulty, and is part of the res gestae.

Bill of exceptions No. 2 complains that the court erred in permit-

ting the State to prove that the reputation of appellant was bad for truth and veracity, the objection being made that the witnesses had not qualified themselves to speak of the reputation. The bill of exceptions as well as the statement of facts show the witnesses did qualify themselves.

The next bill complains that the court erred in failing to instruct the jury in his charge in regard to impeaching testimony. The jury could not have used the impeaching testimony for any other purpose than impeachment. This being the case, it is not necessary to limit same in the charge to impeachment. See Givens v. State, 35 Texas Crim. Rep., 563.

The charge of the court presented every phase of the evidence. Appellant's special charges were properly covered in the main charge.

Finding no error in the record, the judgment is affirmed.

. *Affirmed.*