DUD MAJORS v. THE STATE.

No. 139. Decided January 19, 1910.

</div>

**Aggravated Assault—Evidence—Acts and Declarations of Third Party.**

Upon trial for aggravated assault, by striking with a chair, it was error to admit in evidence the acts and declarations of third parties, after the assault with the chair by the defendant upon the party injured was accomplished, and which testimony related to an assault by the brother of the defendant upon the father of the party injured, and gave the details of such latter assault, such as the wound inflicted, etc., and was not offered as affecting the credibility of such third parties as witnesses, and no conspiracy or acting together between defendant and his brother having been shown.

Appeal from the County Court of Hopkins. Tried below before the Hon. T. J. Russell.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

*Leach & Allen,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Hopkins County by information with committing an aggravated assault upon the person of one Elmer Castle by striking him with a chair, which was alleged to be a deadly weapon. He was convicted on trial of simple assault, and his punishment assessed at a fine of $5.

There are a great many questions presented on the appeal, some

of which will not arise on another trial, and others of which are not serious or important.   We have concluded that the case should be reversed on account of the admission of certain evidence with reference to Enos Majors shooting John Castle, father of the prosecuting witness.   The parties lived in or near the village of Saltillo.   John and Elmer Castle were engaged in the lumber business, and Enos and Dud Majors were engaged in and employed about a small store, in the rear of which was a restaurant.   On the day of the difficulty some negotiations were had with appellant and his brother by the Castles with reference to the purchase of a lot on which to establish a lumber yard.   During this conversation something was said about Enos Majors owing Castle a small bill.   In the course of the conversation Enos claimed to have paid the amount, and stated that he had sent the money by appellant.   The prosecuting witness, Elmer Castle, who seems to have been the active spokesman touching this part of the conversation, denied having received it.   Appellant claimed to have paid the money to him in person.   Elmer Castle left the store to get his books to show by them that it had never been paid.   Up to this time there was slight, if any, evidence of anger or unpleasantness.   However, immediately on return of Elmer Castle, according to his testimony, on his again denying that the money had been paid, appellant picked up a chair and endeavored to strike him with it; that seeing appellant approaching with a chair, he grabbed another chair, and the two chairs met somewhat in midair; that thereupon they each threw down their chairs and undertook to fight with their fists, Elmer Castle testified that he continued to ward off the blows of appellant, saying to him that he did not come there to fight; that appellant pressed on him, and finally got him down over some crossties, got a large stick, which the witness knocked out of his hand, and after this that appellant choked him very severely, notwithstanding his cries for help, and that after choking him some time he was interrupted by his wife and a neighbor and induced to cease assaulting him.   Appellant and his brother, Enos Majors, as well as his nephew, Burt Majors, gave a very different account of the matter; all of which is favorable to their side.   They testified, omitting many matters of mere inducement, that after the prosecuting witness had returned with his books, and when appellant had again stated that he had paid Elmer Castle, that he called him a liar, and that finally Dud Majors, appellant said, "Let me see your books, I know I paid you;" that Elmer Castle said, "You are a damn liar," and picked up a chair and struck at appellant, who caught it with his hand, and kept the chair between them, and finally got it out of his hands, and grabbed him and put him between himself and John Castle, who was trying to get to appellant with a drawn knife in his hands.   Appellant testifies to this same effect, and further that Elmer Castle was trying to get a knife out of his pocket, continually

reaching his right hand towards his pants pocket, and that his following him up and striking his hand was to keep him from getting his knife. The testimony of appellant was restricted well within these lines.

On the trial the State was permitted to prove on cross-examination by Dud, Burt and Enos Majors that almost immediately after the difficulty began, but after the assault with the chair must, under all the testimony, have been accomplished, if in fact such assault was made, that Enos Majors, seeing the elder Castle undertaking to assault appellant with his knife, called out to him three times, "stop, stop, stop," right fast, and then shot John Castle with a pistol, which wound paralyzed his arm, and as he stated the bullet yet remained in his neck, inflicting a most serious wound upon him. To the admission of this testimony objection was made for that same was immaterial, irrelevant, and highly prejudicial to the rights of appellant, there being no evidence of a conspiracy between Enos Majors and appellant pertaining to the fight then being engaged in with Elmer Castle; that the acts of Enos Majors were not binding on him, and could not affect his rights in his trial, and he was not responsible for same; that they were the acts of a bystander, without the knowledge or acquiescence of appellant; that same threw no light on the transaction, and tended to prove no material issue in the cause; that they were not res gestae between the parties immediately concerned, but were events happening at the same time and place between other parties, all the testimony showing that the same were absolutely separable from and had no material connection with the facts of defendant's case, but that this was an independent and distinct transaction occurring between other and different parties than himself and Elmer Castle. It should be stated that the evidence further showed that Enos Majors was a cripple, who could not stand up except supported by two crutches. There is nothing in the evidence, as we read the statement of facts, to suggest any anticipation of any difficulty until at the immediate moment that same occurred. The act of firing was done after all the evidence shows that the use of the chairs had been abandoned. There is no evidence of acting together in the commission of the original offense, if such offense was committed, nor is there any evidence to show that appellant invited or even knew of the interposition of his brother in the difficulty. We think, in view of all the facts, that the details of this shooting should not have been admitted. In view of the fact that Enos Majors testified that a case against him was yet pending, it was, of course, proper to show, as affecting his credibility, the fact of a charge pending in the courts against him, but we think that the details of the shooting, and particularly the seriousness of the wound inflicted by him on Elmer Castle's father, ought not to have been admitted against this appellant. The following cases, while not directly in point, seem

by fair analogy to sustain these views, which are undoubtedly on principle sound: Ex parte Kennedy, 57 S. W. Rep., 648, and Baker v. State, 45 Texas Crim. Rep., 392, 77 S. W. Rep., 618.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.