RUSSELL KINCH v. THE STATE.

No. 2342.   Decided April 2, 1913.

Rehearing denied May 7, 1913.

**1.—Rape—Competence of Witness—Bill of Exceptions.**

In the absence of a bill of exceptions, where the record showed that the prosecutrix as a witness was tested as to her competency and her testimony went before the jury, the matter can not be reviewed on appeal.

**2.—Same—Jury and Jury Law.**

Where there was no challenge to the array and no exception reserved to any juror who sat upon defendant's case, the matter could not be reviewed on appeal.

**3.—Same—Charge of Court—Penetration.**

While the court's charge on penetration trenched closely upon forbidden ground, yet where the indictment alleged a rape upon a female under the age of consent, there was no reversible error, the evidence clearly showing penetration.

**4.—Same—Force—Assault—Charge of Court—Attempt.**

Where, upon trial of rape upon a female under the age of consent, the court in his charge defined an assault, there was no error in the court's failure to define force, as in cases of attempt to commit rape. Distinguishing McAdou v. State, 35 Texas Crim. Rep., 603.

**5.—Same—Statement of Facts in Opinion—Statement of Facts.**

Where the statement of the facts in the opinion with reference to penetration were substantially correct and not of sufficient importance for serious discussion, as contended in motion for rehearing, there was no error; besides, the statement of facts was not filed within time, although this court considered same.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of rape upon a female under the age of consent the evidence sustained the conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Harrison. Tried below before the Hon. H. T. Lyttleton.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Beard & Davidson,* for appellant.—On question of incompetency of witness: Williams v. State, 12 Texas Crim. App., 127; Holst v. State, 3 S. W. Rep., 756; Hawkins v. State, 11 S. W. Rep., 409.

On question of court's charge on penetration: Tooke v. State, 3 S. W. Rep., 784; Johnson v. State, 11 S. W. Rep., 106, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of filing motion for new trial: Leache v. State, 22 Texas Crim. App., 279.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for rape, the punishment being assessed at ten years.

1. There are no bills of exceptions incorporated in the record. Appellant urges two grounds for reversal which can not be considered in the absence of bills of exceptions. The first is to the competency of the witness, Emma Grandberry, the prosecutrix, and the second is to the fact that the petit jury who tried appellant had been drawn at the May term for the November term of the court. With reference to the competency of the testimony of the girl, it is sufficient to say that she was tested as to her competency and the court decided adversely to appellant, and her testimony went before the jury. Appellant reserved no exception, and, therefore, can not be heard to complain. In regard to the second question, the record shows an agreement in the statement of facts that the jurors who tried appellant were selected at the May term of the court, and that he was tried at the following November term. Appellant went to trial without objection, accepted the jury, reserving no exception. There was no challenge to the array, nor was there an exception reserved to any juror who sat upon the trial. This does not come within the rule laid down in the case of Woolen v. State, Mayfield v. State, and Whiten v. State, three cases decided at the present term of court. The three cases mentioned were from Harrison County, as is this case. Those cases discussed the legality of the indictment, because it was returned by grand jurors selected as the petit jurors were selected in this case, but timely objection was urged, and the indictment was held vicious under the authorities and line of reasoning set forth in those cases. Under the circumstances of this case, we are of opinion those cases are not applicable. If appellant had objected to these jurors or to the array, before the selection of the jury, his case would have presented a very different proposition. We, therefore, hold that even had the matter been presented by bill of exception,

we could not reverse, inasmuch as appellant accepted the jury without objection and only suggests it after trial in the agreed statement in the statement of facts.

2. The court gave the following charge: "Penetration only is necessary to be proved by the State upon a trial for rape, but it is necessary that the evidence show beyond a reasonable doubt that there was penetration; that is to say, that the private parts—the female organ—of the female alleged to have been raped, was penetrated or entered into by the male member or organ of the accused. Beyond the mere fact of penetration you are not required to go, as to ascertain how deep or how far the penetration or entry extended or whether or not there was emission of semen." This charge trenches closely upon forbidden ground and had the indictment alleged, either force, threats or fraud, would have been fatal to this conviction. The indictment, however, alleges the rape upon a girl under fifteen years of age and does not allege that this was accomplished by either force, threats or fraud. Therefore, the case does not come within the rule laid down in McAvoy Case, 41 Texas Crim. Rep., 56, and cited by appellant; nor within the rule laid down in the Cromeans Case, 59 Texas Crim. Rep., 611. These cases are cited in support of this proposition. In this case the evidence is clear on the part of the prosecutrix that appellant had actual intercourse with her and penetrated her, she says, a distance the length of her finger. Two physicians examined her and declared that she had been penetrated. We are of opinion that this charge, while erroneous, is not sufficiently so in this case to require a reversal of the judgment.

3. It is contended that the court erred in presenting the issue of rape to the jury and that he nowhere defined and told the jury the meaning of the term "assault"; and did not define and give the meaning of the word "force" in connection with rape. The court did give the definition of assault, but did not define force. It is contended that the court erred in not defining force. This is not correct in this character of case. The girl was under fifteen years of age and the element of force does not enter into the case. We are cited to the McAdoo Case, 34 S. W. Rep., 955, which is also reported in 35 Texas Crim. Rep., 603. In the McAdoo case it was necessary to give the definition of force. That was under a different article and alleged an attempt to commit rape. All of the decisions as well as the statutes recognize and keep separate a distinction between assault to rape and an attempt to rape.

4. In the other questions suggested we find nothing of sufficient importance to discuss. The judgment is affirmed.

*Affirmed.*

May 7, 1913.

DAVIDSON, PRESIDING JUDGE.—The judgment herein was affirmed recently. Motion for rehearing is filed suggesting that the court was in error in affirming the judgment. We have reviewed the questions and are still of the opinion, as this record presents the matter, that the motion for rehearing should be overruled.

A little statement may be necessary or proper here. The first appeal or attempted appeal was dismissed because of a want of sentence. Subsequently a sentence was entered, and an appeal prosecuted following sentence. After the trial court entered sentence appellant filed a motion for a new trial. A motion for new trial comes too late, as we understand our statutory enactments, if filed after the term at which the conviction occurred. Appellant also filed a statement of facts after the sentence was entered nunc pro tunc at the subsequent term. This can not be considered under the statute. The statement of facts must be filed in connection with the term of court at which the conviction occurred; that is, at the term at which the jury returned the verdict and judgment entered. The statement of facts filed after the sentence is included in this transcript instead of the original statement of facts filed after the term at which the conviction occurred. Realizing the condition of the record the writer wrote the opinion affirming the judgment as if the statement of facts was timely filed, because these matters might be cured by certiorari in bringing up the first statement of facts, inasmuch as it was filed within time. To prevent this delay the writer, perhaps not in exact accord with the law, considered the facts. This is mentioned in order to call attention to one proposition urged by appellant. His contention is that the opinion affirming the judgment states the testimony of the two doctors a little strongly for the State. In stating the evidence the record was not copied, but a substantial conclusion from the facts was stated. We have reviewed this testimony in the light of the criticism and still think that the conclusion reached, if erroneous, was not sufficiently so to amount to anything. We stated in the original opinion, in substance, that the two doctors examined the girl and found she had been penetrated; one of them did; the other stated that in examining the girl he found indications showing the girl had been penetrated. It is unnecessary, we think, to go into a detailed statement. It is evident from any fair reading of the testimony of these two doctors that the girl from their evidence had been penetrated. The testimony of one is little stronger than the other, the second one claiming from indications which he discovered about the private parts of the girl that she had been penetrated. But even if the conclusion of that doctor may have been a little strong, or may have not fully indicated that the girl had been penetrated by the male member, yet that would be corroborative or cumulative of the testimony of the other doctor and of the prosecutrix. The State made out a case, so far as

the assault and penetration were concerned, which if the jury believed would justify their conclusion. So the matter as presented, we think, does not amount to anything serious, and is not of sufficient importance for serious discussion.

In regard to the other questions, we are of opinion we were correct. The court charged upon the law of and defined assault. It was not necessary to repeat this, we think, in connection with submitting the issue of rape. The court was not charging rape by force. It was not in nor of the case. The girl was under fifteen years of age. Force was not an issue, and the court did not submit it upon that theory. There was evidence adduced sufficient to constitute rape upon a girl under fifteen. The writer has not been in accord with many of the authorities in this State with reference to what it takes to constitute assault to rape upon a girl under fifteen years, but his views have not obtained as being the law, but if rape was committed in this case, the assault was complete under any view of the law. The writer would have taken a different view if these alleged errors, if errors they be, would probably have brought a more favorable verdict to the defendant. The writer is of the opinion that if an error is committed in the trial court but for which the verdict would have been more favorable to the accused, then that error would be fatal to the conviction. But in this case the errors, the writer thinks, are not of that character.

Believing there is no substantial merit in the motion for rehearing, and there is no question raised that would have been of assistance before the jury to the defendant, the motion for rehearing is overruled.

*Overruled.*