SAM F. MCMURREY V. THE STATE.

No. 21442. Delivered March 19, 1941.

The opinion states the case.

*J. W. Ragsdale,* of Victoria, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to murder; the punishment, confinement in the penitentiary for five years.

The testimony of the State was to the effect that appellant assaulted and stabbed the injured party with a knife. The testimony of appellant's witnesses was to the effect that in their opinion appellant was insane. The State introduced many witnesses who expressed a contrary opinion.

The conviction was for assault with intent to murder with malice. It is shown in bill of exception No. 5 that Trigg Peebles, a witness for the State, testified on his direct-examina-

tion that sometime prior to the assault appellant stated to him that he was going to beat hell out of Mr. Wallace, the injured party, and kill him and two other men. Upon cross-examination counsel for appellant asked the witness if he had testified before the grand jury to such facts, that is, that appellant had threatened to take the life of the injured party and two other named men. State's counsel objected to the question as follows: "I don't think he can bring out anything that happened in the grand jury room." The court sustained the objection. It is recited in the bill of exception that counsel for appellant advised the court that he asked the question for the purpose of laying a predicate to impeach the witness Peebles. It is certified in the bill that if the witness had answered the question he would have testified that he did state such facts when he was before the grand jury. It is further certified that if the testimony had been permitted by the court to be elicited from the witness that appellant would have produced members of the grand jury whose testimony would have been to the effect that the witness had not stated to the grand jury that appellant had threatened to kill the injured party. The bill of exception is qualified by the trial court. However, the qualification merely shows the stenographer's notes on the question presented by the bill which, when considered, fails to detract from the certificates of the trial court set forth in such bill. In short, notwithstanding the qualification, the question of the right of counsel for the appellant to lay the predicate for impeaching the witness is presented in the bill. It is manifest that the objection of counsel for the State was sustained solely upon the ground that appellant was not privileged to impeach the witness by showing occurrences before the grand jury relative to such testimony at the time he was a witness before such body. In Link v. State, 164 S. W. 987, this court used language as follows: "And a witness may be impeached by proof of her statement before the grand jury in conflict with her testimony given on the trial." In Lowe v. State, 226 S. W. 674, Judge Lattimore, speaking for the court, used language as follows

"Appellant's witness Burkett was asked, over objection, if it was not true that when before the grand jury testifying in regard to this transaction he failed to mention certain matters now given in testimony by him. The answer of the witness is not given in the bill of exceptions, but from certain statements therein we are led to believe that he stated that such question was not asked him when before the grand jury. A witness may be asked, as affecting his credibility, whether at other times and places, in narrating the occurrence testified about, he gave

testimony different from that now given. Nor would the fact that the attempted predicate was as to statements made before the grand jury affect the admissibility of such question and its answer. A witness may be impeached by statements made, or omissions, relative to his testimony, before a grand jury. Vernon's C. C. P. p. 183, and cases cited; Clanton v. State, 13 Texas App. 153; Rippey v. State, 29 Texas App. 43, 14 S. W. 448; section 177, Branch's Ann. Penal Code."

Giving application to the announcement of the decisions, we are constrained to hold that the court was in error in sustaining the objection of counsel for the State. That the testimony of the witness was material and hurtful is obvious. It tended strongly to show that appellant acted upon malice aforethought when he attacked and stabbed the injured party. It follows that we are of opinion that the bill of exception reflects reversible error.

The testimony of the State as to the nature and seriousness of the wounds inflicted upon Mr. Wallace is not entirely satisfactory. An ordinary pocket knife was used by appellant in making the assault. It is suggested that if another trial be had a more detailed description of the injuries inflicted should be given. However, we disclaim any intention of predicating a reversal upon the insufficiency of the evidence. In view of the disposition we are making of the appeal it is deemed unnecessary to set out the testimony in detail.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.